# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARGARET A. CHAPMAN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No. CIV-17-799-G |
| | ) |
| NANCY A. BERRYHILL, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
|     Defendant. | ) |

## OPINION AND ORDER

Plaintiff Margaret A. Chapman brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying Plaintiff's applications for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. Upon review of the administrative record (Doc. No. 12, hereinafter "R. _"),[1] and the arguments and authorities submitted by the parties, the Court affirms the Commissioner's decision.

PROCEDURAL HISTORY AND ADMINISTRATIVE DECISION

Plaintiff protectively filed her DIB application on May 31, 2012, and ultimately alleged that her disability began on that same date. R. 44-45, 250-51, 295. Following denial of her application initially and on reconsideration, a hearing was held before an administrative law judge ("ALJ") on April 16, 2014. R. 62-78, 93, 103. After the ALJ issued an unfavorable decision, Plaintiff sought and was granted review by the SSA

---

[1] With the exception of the administrative record, references to the parties' filings use the page numbers assigned by the Court's electronic filing system.

Appeals Council. R. 132-36. The Appeals Council remanded the case, citing multiple issues that required resolution. R. 133-35. Following further administrative proceedings and a second hearing before the same ALJ, Plaintiff's DIB application was denied for a second time on July 29, 2016. R. 20-38, 39-61.

The Commissioner uses a five-step sequential evaluation process to determine entitlement to disability benefits. *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009); 20 C.F.R. § 404.1520. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 31, 2012, the alleged disability-onset date. R. 25. At step two, the ALJ determined that Plaintiff had the severe impairments of status post back fusion, obesity, and anxiety. R. 25. At step three, the ALJ found that Plaintiff's condition did not meet or equal any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 25-27.

The ALJ next assessed Plaintiff's residual functional capacity ("RFC") based on all her medically determinable impairments. R. 27-31. The ALJ found:

> [Plaintiff] has the [RFC] to perform sedentary work as defined in 20 CFR 404.1567(a) except she can occasionally stoop, crouch, and kneel. She can understand, remember and carry out simple instructions.

R. 27. At step four, the ALJ considered the testimony provided by a vocational expert ("VE") at the second hearing and found that Plaintiff was unable to perform any past relevant work. R. 31-32.

At step five, the ALJ considered whether there are jobs existing in significant numbers in the national economy that Plaintiff—in view of her age, education, work experience, and RFC—could perform. R. 32-33. Relying again upon the VE's testimony

2

regarding the degree of erosion to the unskilled sedentary occupational base caused by Plaintiff's additional limitations, the ALJ concluded that Plaintiff could perform unskilled sedentary occupations such as credit-card clerk, information clerk, or document preparer, and that such occupations offer jobs that exist in significant numbers in the national economy. R. 32-33.

The ALJ therefore concluded that Plaintiff had not been disabled within the meaning of the Social Security Act during the relevant period. R. 33. Plaintiff's request for review by the SSA Appeals Council was denied, and the unfavorable determination of the ALJ stands as the Commissioner's final decision. *See* R. 12-17; 20 C.F.R. § 404.981.

STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether factual findings are supported by substantial evidence in the record as a whole and whether correct legal standards were applied. *Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (internal quotation marks omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004) (internal quotation marks omitted). The court "meticulously examine[s] the record as a whole," including any evidence "that may undercut or detract from the ALJ's findings," "to determine if the substantiality test has been met." *Wall*, 561 F.3d at 1052 (internal quotation marks omitted). While a reviewing court considers whether the Commissioner

3

followed applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

ANALYSIS

In this action, Plaintiff challenges the ALJ's evaluation, for purposes of determining the RFC, of Plaintiff's subjective complaints. *See* Pl.'s Br. (Doc. No. 17) at 8-12.

Social Security Ruling 16-3p prescribes that an ALJ will engage in a two-step analysis in evaluating a claimant's impairment-related symptoms. First, the ALJ must "consider whether there is an underlying medically determinable . . . impairment(s) that could reasonably be expected to produce an individual's symptoms, such as pain." SSR 16-3p, 2017 WL 5180304, at *3 (Oct. 25, 2017); *see also id.* at *1 (prescribing that the Ruling applies to SSA decisions issued on or after March 28, 2016). Second, if such an impairment is established, the ALJ must "evaluate the intensity and persistence" of the claimant's symptoms "to determine the extent to which the symptoms limit an individual's ability to perform work-related activities." *Id.* at *3; *see also* 20 C.F.R. § 404.1529(c) (2016).

Relevant to the first step, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." R. 31. Plaintiff does not challenge this finding by the ALJ. *See* Pl.'s Br. at 8-12. At the second step, the ALJ found that Plaintiff's statements regarding "the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record" and provided four reasons why. R. 31. Plaintiff challenges the ALJ's second-step assessment of Plaintiff's symptoms, and the effect of those symptoms upon Plaintiff's

4

ability to work, as failing to comport with the requirements of Social Security Ruling 16-3p. *See* Pl.'s Br. at 8-12. The ALJ's four stated reasons are considered in turn.

The ALJ stated as his *first* step-two reason that:

> [T]he daily activities reported in [Plaintiff's] function report discussed above show a fairly good amount of functional ability. She performs all personal care independently. She cares for her children, preparing meals, doing laundry and taking them to doctors' appointments. She drives and can go out alone. She shops in stores for food and household needs. She interacts with friends regularly and gets along with authority figures. She reads, watches television, plays pool, plays computer scrabble regularly.

R. 31; *see also* R. 26, 28 (ALJ discussing Plaintiff's function report (R. 313-20 (Ex. 4E))). Plaintiff objects that the ALJ's characterization of her activities is flawed because the relevant function reports show that Plaintiff receives "significant help" with such activities. Pl.'s Br. at 10-11 (citing R. 313-28). The ALJ's RFC determination specifically recognized, however, Plaintiff's qualifications that "her mother helps her with everything she does for her children" and that Plaintiff's children also help. R. 28; *see* R. 314, 320. Plaintiff does not otherwise dispute the accuracy of the ALJ's findings.

The ALJ properly referenced Plaintiff's "[d]aily activities" in considering "the intensity, persistence, and limiting effects" of Plaintiff's symptoms. SSR 16-3p, 2017 WL 5180304, at *7; *see* 20 C.F.R. § 404.1529(c)(3)(i). It is true that a claimant's activities of daily living do not, by themselves, determine the claimant's ability to work, as "sporadic performance of household tasks or work does not establish that a person is capable of engaging in substantial gainful activity." *Thompson v. Sullivan*, 987 F.2d 1482, 1490 (10th Cir. 1993) (alteration and internal quotation marks omitted); *accord Gossett v. Brown*, 862 F.2d 802, 807 (10th Cir. 1988) ("[E]vidence that a claimant engages in limited activities .

5

. . does not establish that the claimant can engage in light or sedentary work activity."). But Plaintiff's own characterization of her activities shows that they were far from "sporadic." Plaintiff reported that despite her pain, she was able to: do light housework, cooking, laundry, and grocery shopping; visit with friends; attend family members' appointments; and play pool weekly and computer games regularly. R. 313-20. There was no error in the ALJ's consideration of Plaintiff's self-described "daily activities." 20 C.F.R. § 404.1529(c)(3)(i); *see Wilson v. Astrue*, 602 F.3d 1136, 1146 (10th Cir. 2010); *Rabon v. Astrue*, 464 F. App'x 732, 735 (10th Cir. 2012).

The ALJ stated as his *second* step-two reason that:

[Plaintiff] alleges a high level of constant pain in her back and lower extremities. She does indicate that activity exacerbates her back pain which is understandable. However, the objective testing shows relatively mild findings. Imaging studies have shown only mild degenerative changes in the lumbar spine and hips. EMG study interpreted by Dr. Pratt did not show anything definitive in the way of lower extremity findings. [Plaintiff] did have a remote injury with subsequent fusion at T11-12. However, the records do not correlate her alleged current symptoms to this level of the spine.

R. 31. Plaintiff does not dispute any of these findings but argues that an ALJ may not properly disregard a claimant's statements about her symptoms "exclusively because the medical evidence fails to substantiate impairment alleged by the claimant." Pl.'s Br. at 11 (citing SSR 16-3p, 2017 WL 5180304, at *5). But the ALJ did not discount Plaintiff's statements "exclusively" or "solely" based on objective medical evidence. *Id.*; SSR 16-3p, 2017 WL 5180304, at *5. The ALJ's decision reflects that, in addition to the lack of substantiating objective evidence, the ALJ considered "many factors" and "other evidence" in evaluating Plaintiff's symptoms, as contemplated by the relevant Ruling. SSR 16-3p,

6

2017 WL 5180304, at *5-6; *see* R. 31 (ALJ considering Plaintiff's written statements and hearing testimony, as well as the medical evidence, in assessing Plaintiff's symptoms); *see also Miles v. Berryhill*, No. CIV-16-1229-CG, 2018 WL 1255761, at *5 (W.D. Okla. Mar. 12, 2018). Thus, Plaintiff has not shown that the ALJ failed to comply with this aspect of Social Security Ruling 16-3p.

The ALJ stated as his *fourth* step-two reason that: "[Plaintiff] has received prescriptions for Xanax as she has reported anxiety to her doctors. However, the degree of panic attacks she described at the hearing [is] not reported in the medical records." R. 31. Plaintiff does not challenge this finding.

The ALJ stated as his *third* step-two reason that: "[Plaintiff] has been receiving pain management care since February 2015 which does include some significant pain medication from Dr. Justiz. However, other medical records do not appear to justify this level of pain medication." R. 31. Plaintiff contends that the ALJ here "improperly discounted the significance" of Plaintiff's pain-management care "by forming a medical opinion on whether the medical evidence justified those medications." Pl.'s Br. at 11 (citing *Miller v. Chater*, 99 F.3d 972, 977 (10th Cir. 1996)). As an initial matter, an ALJ may properly assess the significance of pain medicine in the context of the totality of the medical evidence. "[T]he fact that [Plaintiff] took pain medication does not mean she was disabled." *Moua v. Colvin*, 541 F. App'x 794, 800 (10th Cir. 2013) ("On the contrary, an impairment is not disabling when medications adequately control it without significant side effects.").

7

But even if the Court were to agree that the ALJ here had strayed into the area of impermissible medical opinion, any error by the ALJ in this respect is harmless. *See* Def.'s Br. (Doc. No. 21) at 7; *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1170-71 (10th Cir. 2012). The three reasons discussed above constitute, by themselves, substantial evidence in support of the ALJ's assessment of Plaintiff's symptoms. Thus, that assessment stands even if the pain-management rationale is disregarded.

In sum, the ALJ's overall assessment of Plaintiff's subjective symptoms is "closely and affirmatively linked to substantial evidence" in the record. *Keyes-Zachary*, 695 F.3d at 1172 (internal quotation marks omitted). And Plaintiff has not shown that the ALJ failed to comply with the directives of Social Security Ruling 16-3p or 20 C.F.R. § 404.1529(c) in any material manner. The Court, giving the requisite "special deference" to the ALJ's findings, therefore finds that the ALJ's assessment of Plaintiff's subjective symptoms does not undermine the RFC determination and that remand on this basis is not warranted. *Lax v. Astrue*, 489 F.3d 1080, 1089 (10th Cir. 2007).

## CONCLUSION

The decision of the Commissioner is AFFIRMED. Judgment shall issue accordingly.

IT IS SO ORDERED this 21st day of March, 2019.

CHARLES B. GOODWIN
United States District Judge